**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| WILLIAM BONEY, | : | |
| | : | Civ. Action No. 16-798 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| WARDEN, FORT DIX, NEW JERSEY, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge

This matter is before the Court upon Petitioner William Boney's petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Boney is presently confined in the Federal Correctional Institution in Oakdale, Louisiana ("FCI-Oakdale"). (Id.) In the petition, he challenges two prison disciplinary hearings that resulted in his placement in the segregated housing unit in FCI Fort Dix, and he challenges his transfer to FCI-Oakdale. (Id.) He contends that he was placed in a Special Housing Unit ("SHU") without due process, and he was harassed and retaliated against by threats and transfer to another prison.

1

A due process claim is cognizable under 28 U.S.C. § 2241 if a petitioner is seeking restoration of good conduct time lost as a sanction after a prison disciplinary proceeding. See e.g., Fernald v. Holt, 446 F. App'x 489, 491 (3d Cir. 2011). Petitioner, however, does not allege that he lost good conduct time nor does he request earlier release from custody for relief. He seeks transfer back to Fort Dix to be closer to his family. A challenge to a prison transfer is not cognizable in a habeas proceeding under 28 U.S.C. § 2241 because it is not a challenge to the fact or duration of custody or execution of a sentence. McCall v. Ebbert, 384 F. App'x 55, 57 (3d Cir. 2010).

Petitioner alleged his transfer to FCI Oakdale was in retaliation, although he does not allege why prison officials retaliated against him. The proper vehicle for a retaliation claim[1] is a civil rights action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Petitioner should be aware that the Prison Litigation Reform Act

---

[1] To avoid dismissal for failure to state a claim upon which relief may be granted, a plaintiff must allege facts that constitute a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If Petitioner alleges the prison transfer was in retaliation for his exercise of a constitutional right, he must allege facts indicating: (1) his conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered an adverse action at the hands of a prison official that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; (3) there is a causal link between the exercise of his constitutional rights and the adverse action taken against him. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001).

requires a prisoner to exhaust his administrative remedies prior to bringing a civil rights action. 42 U.S.C. § 1997e(a).

Petitioner also alleged he was denied due process under the Fifth Amendment because he was twice placed in the SHU without production of any evidence of the alleged infractions. The first charge was for threatening a confidential informant, for which he spent fourteen days in the SHU when he was first committed to FCI Fort Dix. Almost a year later, he was charged with using a cell phone, for which he spent 270 days in the SHU, until he was transferred to FCI Oakdale. Petitioner alleged he was never given an incident report for charges of use of a cell phone, and no evidence was presented for either charge. He asserts that his time in the SHU posed an "atypical and significant hardship."

If a prisoner challenges his conditions of confinement in segregation and seeks damages or injunctive relief, the proper avenue for relief is a _Bivens_ action. Id. See _Shoats v. Horn_, 213 F.3d 140, 144 (3d Cir. 2000) (although thirty day detention in disciplinary segregation did not present the type of atypical, significant deprivation that might conceivably create a protected liberty interest, eight years in administrative segregation was sufficient to create a protected liberty interest); see e.g. _Robinson v. Norwood_, 535 F. App'x 81, 83 (3d Cir. 2013) (prisoner alleged his placement in special management unit based on extensive disciplinary history violated his

3

constitutional rights.) Petitioner should be aware, however, that "[p]lacement in administrative segregation for days or months at a time does not implicate a protected liberty interest." Id. (quoting Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002) (no liberty interest in avoiding 120 days of administrative custody); Griffin [v. Vaughn], 112 F.3d [703], 706 [(3d Cir. 1997)] (conditions in administrative segregation do not impose "atypical or significant hardship"); Sandin v. Conner, 515 U.S. 472, 486 (1995) (thirty day confinement in disciplinary segregation was not an atypical or significant hardship in relation to the ordinary incidents of prison life which required procedural due process for deprivation of a liberty interest.)

The Court will administratively terminate the petition for lack of habeas jurisdiction. If Petitioner wishes to bring his claims in a Bivens action, he may reopen this matter, but he must pay the $400.00 filing fee for a civil action or complete an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. See Rohn v. Johnston, 415 F. App'x 354-55 (3d Cir. 2011) (affirming district court's dismissal of complaint for failure to pay filing fee or submit a complete in forma pauperis application.)

Any prisoner civil rights complaint is subject to screening, and the Court is required to dismiss any claims: (1)

4

that are frivolous, malicious, or fail to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune. 28 U.S.C. §§ 1915A, 1915(e)(2)(B). A prisoner who proceeds in a civil rights action must pay the entire filing fee of $350.00[2] in installments, even if the complaint is dismissed upon screening. See Hairston, Sr. v. Gronolsky, 348 F. App'x 716, 718 (3d Cir. 2009) (legal obligation to pay filing fee is incurred by the initiation of the action itself.)

IT IS therefore on this **23rd** day of **February 2016**,

**ORDERED** that the Clerk shall administratively terminate this action for lack of jurisdiction under 28 U.S.C. § 2241; and it is further

**ORDERED** that Petitioner may reopen this matter by submitting, within thirty days of the date of this Order, a prisoner civil rights complaint and either pay the $400.00 filing fee, or submit a properly completed form "Prisoner Applying To Proceed In Forma Pauperis In A Civil Rights Case;" and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Petitioner by U.S. mail, together with a copy of the forms

---

[2] The $50.00 administrative fee is waived when a prisoner is granted IFP status.

"Prisoner Applying To Proceed In Forma Pauperis In A Civil Rights Case" and "Prisoner Civil Rights Complaint."

          s/Renée Marie Bumb
          **Renée Marie Bumb**
          **United States District Judge**